UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William James Holisky II,

      Plaintiff,

v.                                                       Civil No. 14-395 (JNE/JJK)
                                                       ORDER

Carolyn W. Colvin,
Acting Commissioner of Social Security,

      Defendant.

     Seeking review of the denial of his application for disability benefits, Plaintiff brought this case against the Acting Commissioner of Social Security. On December 18, 2014, the Honorable Jeffrey J. Keyes, United States Magistrate Judge, recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. This matter is before the Court on Plaintiff's objection to the report and recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the report and recommendation.

     Plaintiff argues that the Administrative Law Judge (ALJ) failed to properly evaluate the opinions of two treating health professionals—Melissa Maki, RA, CNP, and Theresa Carr, MA, RN, CNS—and this failure tainted the ALJ's findings regarding the severity of Plaintiff's mental impairment, functional limitations, and credibility. The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006).

Maki first examined Plaintiff in June 2011, several months after Plaintiff's insurance expired on December 31, 2010. On October 24, 2011, Maki opined that "Mr. Holisky will have great difficulty maintaining gainful employment at this time due to [his] symptoms." The ALJ found that Maki's opinions were not relevant because she did not treat or examine Plaintiff until after his insurance expired. When an individual is no longer insured, his disability must be established as of the date last insured. *See Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). While evidence after the date last insured can sometimes be useful in determining the medical condition during the time insured, Maki's opinions concern Plaintiff's fluctuating mental health condition after the date last insured. Maki's October 24, 2011 opinion with respect to whether Plaintiff could maintain employment was specifically limited to his employment prospects "at this time." It did not address his employment prospects during the time insured. Accordingly, the ALJ's decision with respect to Maki's opinions was not improper.

Plaintiff saw Carr for treatment several times in 2010 and 2011. Throughout 2010, Carr's treatment notes for mental status exams consistently reported that Plaintiff was cooperative and oriented to his situation and that he maintained attention, had his memory intact, and exhibited logical thought processes. On February 16, 2011, Carr opined that Plaintiff had "marked" limitations with respect to his difficulties in maintaining social functioning and to his deficiencies in maintaining concentration, persistence, or pace. She also opined on March, 24, 2011 that Plaintiff would not be able to perform any employment in the foreseeable future. The ALJ concluded that Carr's "treatment notes . . . do not support the degree of limitation she assessed" in her opinions. Accordingly, he gave those opinions no weight. An ALJ may discount a treating source's opinion when the source's notes are inconsistent with the assessment. *See Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). Here, the ALJ's decision to discount

Carr's opinions was based on substantial evidence in the record as a whole, namely the treatment notes that did not support her opinions.

    Therefore, IT IS ORDERED THAT:

1. The report and recommendation [Docket No. 15] is ADOPTED.

2. Plaintiff's motion for summary judgment [Docket No. 10] is DENIED.

3. Defendant's motion for summary judgment [Docket No. 12] is GRANTED.

4. The case is DISMISSED with prejudice.

LET THE JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 12, 2015

                                    s/Joan N. Ericksen
                                    JOAN N. ERICKSEN
                                    United States District Judge